UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN GARCIA,                                              13 CV 2529 (PKC) (VMS)

                Plaintiff,                               AMENDED
                                                              COMPLAINT AND
- against -                                                   JURY TRIAL DEMAND

P.O. DEBORAH JAMES, Shield No. 24989,
P.O. KYLE STANLEY, Shield No. 3809,
P.O. VINCENT ADINOLFI, Shield No. 28003
and THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------X

      Plaintiff, JONATHAN GARCIA, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

      1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

      4.     Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and property damage.

## VENUE

      5.     Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, JONATHAN GARCIA, was and is a natural person resident in the County of Bronx, City and State of New York.

8. At all times relevant hereto, defendant P.O. DEBORAH JAMES, Shield No. 24989 (hereinafter "JAMES") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. KYLE STANLEY, Shield No. 3809 (hereinafter "STANLEY") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. VINCENT ADINOLFI, Shield No. 28003 (hereinafter "ADINOLFI") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. The individual defendants are sued in their individual capacities.

13. On or about March 8, 2012, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Office of the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. On or about April 23, 2012, plaintiff served upon the Office of the Comptroller of the City of New York a supplemental verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

15. More than thirty (30) days have elapsed since the aforesaid verified notices of claim were served and the Comptroller has neglected and refused to make payment of said claims.

16. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. On or about February 2, 2012, between approximately 9:00 and 9:30 P.M., on Glenmore Avenue, near Miller Avenue, in the County of Kings, City and State of New York, plaintiff had just parallel-parked his motor vehicle and had turned off the ignition.

19. Plaintiff had a passenger with him in the aforementioned motor vehicle.

20. As plaintiff was about to exit his vehicle, the individual defendants hereto, all in plainclothes, stepped out of an unmarked motor vehicle belonging to the Police Department of defendant CITY OF NEW YORK.

21. One or more of the individual defendants, without any probable cause or reasonable suspicion therefor, asked plaintiff if he had any contraband, such as weapons or illegal drugs, in his possession.

22. Plaintiff responded that he had no contraband on his person.

23. In response to a further inquiry from one or more of the individual defendants, plaintiff stated that he was on his way, with his passenger, to his passenger's residence, which was located at 516 Miller Avenue.

24. Without having any reasonable suspicion or probable cause therefor, one or more of the individual defendants patted plaintiff down and searched inside the pockets of his clothing.

25. Absolutely nothing illegal was found as a result of the aforementioned improper search.

26. At or about this point in time, plaintiff's passenger stated to the individual defendants that she was in possession of a small bag of marijuana that belonged to her.

27. Plaintiff and his passenger were both immediately placed under arrest by defendant JAMES.

28. Subsequent to plaintiff's being handcuffed incident to his arrest, one or more of the individual defendants improperly searched the interior, including the glove compartment, of plaintiff's vehicle.

29. Plaintiff was placed inside a New York City Police Department van that already contained six other arrestees.

30. One of the individual defendants took plaintiff's car keys and drove plaintiff's vehicle away from the scene.

31. Plaintiff was taken to the stationhouse of the 75th Precinct.

32. Once being taken inside the stationhouse of the 75th Precinct, plaintiff was searched, this time far more thoroughly than he was in the street.

33. This search, like the aforementioned search conducted in the street, yielded nothing illegal.

34. Plaintiff was taken to Brooklyn Central Booking at approximately noon on February 3, 2012.

35. Plaintiff did not appear before a Judge of the Criminal Court of the City of New York, County of Kings until approximately 6:30 P.M. on February 4, 2012.

36. At his arraignment, upon the complaint of defendant ADINOLFI, based upon information allegedly provided to him by defendant STANLEY, plaintiff was falsely and maliciously charged with possession of marijuana, a violation, and criminal possession of marijuana in the fifth degree, a B misdemeanor.

37. Plaintiff agreed to accept an adjournment in contemplation of dismissal.

38. Plaintiff was held in custody for approximately forty-six hours.

39. All charges against plaintiff have been dismissed.

40. Plaintiff's passenger retrieved plaintiff's motor vehicle from where it was being held at the 75th Precinct.

41. When the vehicle was returned to plaintiff, he observed damage to the rear of the vehicle.

42. Plaintiff received an estimate for repair of the damage to the rear of his vehicle in the amount of $1,174.28.

43. The individual defendants violated plaintiff's right to the due process of law guaranteed to him by the fourth, fifth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they illegally searched plaintiff's person and motor vehicle without having reasonable suspicion or probable cause to do so, arrested plaintiff and caused him to be charged with, and prosecuted for, possession of marijuana without having probable cause to do so and damaged plaintiff's personal property, to wit his motor vehicle.

44. As a result of the aforementioned acts committed by the individual defendants, plaintiff suffered a deprivation of his right to the due process of law guaranteed to him by the fourth, fifth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of his liberty, harm to his reputation and damage to his motor vehicle.

45. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(False Arrest)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" hereinabove as if more fully set forth at length herein.

47. On or about February 2, 2012, between 9:00 and 9:30 P.M., on Glenmore Avenue, near Miller Avenue, in the County of Kings, City and State of New York, the

individual defendants hereto, without probable cause, forcibly, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused him to be incarcerated for approximately forty-six hours.

48. Plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement in a Police Department motor vehicle, at the stationhouse of the 75th Precinct and at Brooklyn Central Booking.

49. At the time they committed the aforesaid acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

50. By reason of the false arrest and false imprisonment committed by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty and harm to his reputation.

51. As a result of the aforementioned acts of false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and seeks an additional ONE MILLION ($1,000,000.00) DOLLARS as punitive damages against the individual defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS and
## THE CITY OF NEW YORK
## (Destruction of Property)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" hereinabove as if more fully set forth at length herein.

53. On or about February 2, 2012, between 9:00 and 9:30 P.M., on Glenmore Avenue, near Miller Avenue, in the County of Kings, City and State of New York, one of the individual defendants took plaintiff's motor vehicle from the aforesaid location and drove it to the stationhouse of the 75th Precinct.

54. While the aforementioned defendant was in possession of plaintiff's motor vehicle, he recklessly, carelessly and negligently caused damage to plaintiff's motor vehicle.

55. At the time he caused damage to plaintiff's motor vehicle, the aforementioned individual defendant was acting within the scope of his employment by defendant CITY OF NEW YORK.

56. As a result of the aforementioned destruction of property, recklessly, carelessly and negligently caused by one of the individual defendants, while he was acting in the course of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Thousand One Hundred Seventy Four Dollars and Twenty-Eight Cents ($1,174.28) and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against said individual defendant.

WHEREFORE, plaintiff, JONATHAN GARCIA, demands judgment against defendants, P.O. DEBORAH JAMES, Shield No. 24989, P.O. KYLE STANLEY, Shield

No. 3809, P.O. VINCENT ADINOLFI, Shield No. 28003 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

THIRD CAUSE OF ACTION: One Thousand One Hundred Seventy Four Dollars and Twenty-Eight Cents ($1,174.28) and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendant who caused damage to plaintiff's motor vehicle.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
March 11, 2014

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2235